UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NOE VASQUEZ, | ) | CASE NO.  4:07CV0468 |
| | ) | |
| | ) | |
| Petitioner | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| -vs- | ) | |
| | ) | |
| ROBERT TAPIA, | ) | MEMORANDUM OF OPINION |
| | ) | AND  ORDER |
| | ) | |
| Respondent. | ) | |

On February 20, 2007, pro se petitioner Noe Vasquez[1] filed the above-captioned

petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 against Warden Robert Tapia at the

of the Northeast Ohio Correctional Center (NEOCC). Mr. Vasquez, who is incarcerated at the

NEOCC,  claims he is illegally in custody because the sentencing court incorrectly applied the

---

[1]Although petitioner consistently identifies himself as Noe *Vazquez* in this pleading, his
prisoner identification number (14056-424) and history of pleadings identify him as Noe
*Vasquez*.  In order to properly track Mr. Vasquez's pleadings, the court will identify petitioner
by the name associated with his identification number.

United States Sentencing Guidelines ("U.S.S.G.").  Because of the court's incorrect application of the U.S.S.G. he has allegedly served more than two years in prison beyond his appropriate term of imprisonment, which ended on December 15, 2004.

*Background*

Mr. Vasquez was arrested in Chicago, Illinois on December 12, 2001.  He was subsequently indicted and charged with three counts, including conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 821.  He entered into a plea agreement on August 5, 2002 wherein he agreed to plead guilty to Count 3.  The agreement included a stipulation that the government would move to dismiss Counts 1 and 2 of the indictment.  At sentencing, the court granted the government's motion to dismiss Counts 1 and 2, accepted the parties' plea agreement and sentenced petitioner to 121 months in prison for Count 3.

Petitioner filed a notice of appeal in the Seventh Circuit, but "the grounds raised on direct appeal were different, to which now the petitioner bring[s] before this Honorable Court." (AO Form 241 at (3).)  The Court of Appeals dismissed petitioner's appeal holding that:

> (1) district court's failure during plea colloquy to tell defendant that he had the right to counsel at every stage of the proceeding was harmless;
>
> (2) evidence was sufficient to establish that 4.7 grams of cocaine found in residence at which defendant was staying were attributable to defendant;
>
> (3) defendant's guilty plea was knowing, voluntary, and adequately counseled; and
>
> (4) defendant's guilty plea waived his right to have jury determine drug quantity attributable to him at sentencing.

United States v. Vasquez, 97 Fed. Appx. 676 (7th Cir.  May 17, 2004).  Petitioner then filed a petition

for certiorari in the United States Supreme Court, which was granted.  The Court vacated the Seventh Circuit's judgment and remanded the case to the United States Court of Appeals for the Seventh Circuit for further consideration in light of United States v. Booker, 543 U.S. 220 (2005).

Based on United States v. Paladino, 401 F.3d 471, 483-84 (7th Cir.2005), the Seventh Circuit issued a limited remand to the Northern District of Illinois to determine whether it would impose the same sentence since the Guidelines are no longer mandatory.  The district court responded that it would again impose the identical sentence of 121 months on Mr. Vasquez, post-Booker.  The appeals court then held that, since petitioner's sentence would remain the same, the Booker error did not affect Mr. Vasquez's substantial rights, and petitioner could not show plain error. See United States v. Vasquez, 142 Fed. Appx. 924 (7th Cir.  Aug.  26, 2005).  Mr. Vasquez filed another petition for writ of certiorari in the Supreme Court, which was denied on January 9, 2006.

*Analysis*

It is, again, the length of the sentence imposed by the trial court which Mr. Vasquez now attacks.  He asserts that he pleaded guilty to Count 3 of the indictment, charging him with possession of approximately 150 pounds of marijuana.  He maintains that the U.S.S.G. sets forth that "at least 60 kg. but less than 80 kg. of marihuana is Level 22."  (Pet. at 6.)  It is his contention that this would place him in a Criminal Category I, which carries a sentence range of 41 - 51 months in prison.  Because his present sentence exceeds that range, Mr. Vasquez claims he is illegally in custody and that the trial court has erred.  He requests an order from this court vacating his sentence and releasing him from prison.

*28 U.S.C. § 2241*

3

Courts have uniformly held that claims asserted by federal prisoners seeking to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, see Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); Cabrera v. United States, 972 F.2d 23, 25-26 (2d Cir.1992); Cohen v. United States, 593 F.2d 766, 770 (6th Cir.1979), and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir.1977). The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. See Bradshaw, 86 F.3d at 166.

Here, Mr. Vasquez is not challenging the execution or manner in which his sentence is being served. Instead, he is directly attacking his conviction and seeks immediate release as an appropriate remedy. This is a matter squarely within the confines of § 2255, which provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, . . . , may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255 (2006)(emphasis added). The statute further provides that "[a]n application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, . . . , unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." Id. This provision, known as the

4

"safety valve," establishes that prisoners seeking a court's jurisdiction pursuant to § 2241 in lieu of a § 2255 motion must first allege that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." Accord United States v. Hayman, 342 U.S. 205, 223 (1952); In re Hanserd, 123 F.3d 922, 929 (6th Cir.1997).

Mr. Vasquez did not file any motions or petitions other than his direct appeal from judgment. That fact, alone, however, does not establish that his § 2255 remedy is inadequate or ineffective. See In re Dorsainvil, 119 F.3d 245, 251 (3d Cir.1997), Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988). It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. See, e.g., Charles v. Chandler, 180 F.3d 753, 756 (6th Cir.1999) (per curiam). Moreover, the § 2255 remedy is not considered inadequate or ineffective simply because the petitioner is procedurally barred from pursuing relief under § 2255, see In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997); Garris v. Lindsay, 794 F.2d 722, 726-27 (D.C.Cir.) (per curiam), cert. denied, 479 U.S. 993 (1986), or because the petitioner has been denied permission to file a second or successive motion to vacate. See In re Davenport, 147 F.3d 605, 608 (7th Cir.1998).

There is no stated basis upon which Mr. Vasquez asserts this court's § 2241 jurisdiction. Under § 2255's safety valve, the showing that one's remedy under § 2255 is inadequate or ineffective is a rigorous one. The Sixth Circuit has noted, "[n]o circuit court has to date permitted a post-AEDPA [Anti-Terrorism and Effective Death Penalty Act, which amended Section 2255] petitioner who was not effectively making a claim of 'actual innocence' to utilize § 2241 (via § 2255's 'savings clause') as a way of circumventing § 2255's restrictions on the filing of second or successive habeas petitions." Charles, 180 F.3d at 757. To this end, the Supreme Court has clarified

5

that "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." <u>Bousley v. United States</u>, 523 U.S. 614, 623 (1998) (internal citations and quotations omitted).  The Court went on to say, "[i]t is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency . . . " <u>Id</u>. at 623-24.  To establish actual innocence, a petitioner must demonstrate that, "'in light of all the evidence, . . .' it is more likely than not that no reasonable juror would have convicted him." <u>Schlup v. Delo</u>, 513 U.S. 298, 327-328 (1995) (quoting <u>Friendly, Is Innocence Irrelevant? Collateral Attack on Criminal Judgments</u>, 38 U. Chi. L. Rev. 142, 160 (1970)).

By his own admission, Mr. Vasquez is not arguing that he is innocent of the crimes for which he was convicted, but instead argues that the trial court erred when it sentenced him to 121 months. This is not a claim of actual innocence and, therefore, not a basis upon which a petitioner can utilize the safety valve provision of § 2255 to seek § 2241 relief from this court.

Based on the foregoing, this action is dismissed without prejudice pursuant to 28 U.S.C. § 2243.[2]   The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

---

[2]This is without prejudice to any § 2255 motion Mr.  Vasquez might seek to file.  This court cannot, however, recharacterize his § 22441 petition as a § 2255.  In <u>In re Shelton</u>, 295 F.3d 620, 622 (6th Cir.2002) (citing <u>Adams v. United States</u>, 155 F.3d 582, 584 (2nd Cir.1998)), the Sixth Circuit held that, with regard to <u>pro se</u> litigants in particular,  '[D]istrict courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.' Unless such a warning is provided, a re-characterized § 2255 motion must not be counted against the prisoner for purposes of the bar on successive motions.

IT IS SO ORDERED.


 S/Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

May 15, 2007